

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable V. L. Pitman
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-7055

Re: Whether Sec. 6 of Article 1 of
Senate Bill 167, 49th Legislature,
is applicable to the contract
submitted, which contract was
made pursuant to Article VIII of
such bill.

We have your letter requesting our opinion as to whether
Sec. 6 of Article 1 of Senate Bill 167, 49th Legislature, is
applicable to a certain contract made pursuant to Article VIII of
such bill.

Sec. 6 of Article 1 reads:

"No adjustments of transfers or census changes
made after November 1st of the current school year
shall be recognized in making grants of any type of
aid under the provisions of this Act."

You submit a copy of contract made by Slocum No. 2-
Independent School District of Anderson County, receiving school,
and Hickory Grove District No. 45, sending district, dated August
2, 1945, signed by the president and secretary of the board of
school trustees of the sending districts, and by the president and
secretary of the receiving school; approved by the County Superin-
tendent of Anderson County, August 4, 1945, but not submitted to
the State Superintendent until after November 1, 1945.

The contract appears to be in proper form and to have been
made pursuant to the authority conferred by and for the purposes
stated in Article VIII of Senate Bill 167. It transfers all the
white scholastics of the sending district to the receiving district
for the cur ent school year, except those transferred to another

Honorable V. L. Pitman - Page 2

district prior to August 1, 1945.

While you do not so state in your request, we presume that the white scholastics of the sending district have been attending school in the receiving school during the current term and the terms of the contract submitted to the State Superintendent have been observed by both districts, each of which are state aid schools.

In view of the foregoing, we believe what was said in our Opinion No. 0-6982, a copy of which you have, is applicable to the instant situation. In other words, should the State Superintendent now approve this contract, it is our opinion that such approval would not be an "adjustment of transfers" within the meaning of that term as used in Section 6, Article 1, of Senate Bill 167, or would such approval be "census change" within the meaning of said section.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Donald G. Gay*
Donald G. Gay
Assistant

DGG:ms

APPROVED FEB 6 1946

FIRST ASSISTANT
ATTORNEY-GENERAL

OF THE
COMMITTEE
BY *BWB*
CHAIRMAN